UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                                                             :
THE ART AND ANTIQUE DEALERS                                  :
LEAGUE OF AMERICA, INC., et al.,                             :
                                    Plaintiffs,              :         18 Civ. 2504 (LGS)
                                                             :
                       -against-                             :         **OPINION AND ORDER**
                                                             :
BASIL SEGGOS, et al.,                                        :
                                    Defendants.              :
------------------------------------------------------------ X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/1/2019

LORNA G. SCHOFIELD, District Judge:

Plaintiffs The Art and Antique Dealers League of America, Inc. (the "Dealers League") and The National Antique and Art Dealers Association of America, Inc. (the "Dealers Association") move for summary judgment on their claims for (1) a declaratory judgment that New York State Environmental Conservation Law § 11-0535-A ("§ 11-0535-A") is unconstitutional and therefore void and (2) a permanent injunction preventing enforcement of § 11-0535-A. Defendant Basil Seggos, the Commissioner of the New York State Department of Environmental Conservation ("DEC"), cross-moves to dismiss for lack of subject matter jurisdiction and failure to state a claim under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). Intervenors The Humane Society of the United States, Center for Biological Diversity, National Resources Defense Council, Inc. and Wildlife Conservation Society (the "Intervenors") cross-move to dismiss for failure to state a claim under Rule 12(b)(6). For the reasons discussed below, Defendants' cross-motion to dismiss under Rule 12(b)(1) is GRANTED. Plaintiffs' motion for summary judgment and Intervenors' cross-motion to dismiss are DENIED as moot.

1

I.  **BACKGROUND**

The following facts are drawn from allegations in the Amended Complaint. *Goel v. Bunge, Ltd.*, 820 F.3d 554, 559 (2d Cir. 2016). The facts are construed in the light most favorable to Plaintiff as the non-moving party. *Raymond Loubier Irrevocable Tr. v. Loubier*, 858 F.3d 719, 725 (2d Cir. 2017).

Plaintiffs are trade organizations representing art and antique dealers. Plaintiffs' members, some of whom have expertise in antique elephant and mammoth ivory from Africa and Asia, "have an economic and professional interest in, among other things, the purchase, sale, distribution or trading of antique elephant ivory."

In 2014, New York passed § 11-0535-A, which states, in relevant part, that "no person shall sell, offer for sale, purchase, trade, barter or distribute an ivory article." § 11-0535-A. Violations of § 11-0535-A may constitute a Class D Felony and may carry substantial civil penalties. N.Y. ENVTL. CONSERV. LAW §§ 71-0924(4); 71-0925(16). If Plaintiffs' members sell ivory articles that are not covered by a narrow "antique exemption," "they will be in violation of state law which can lead to imprisonment and/or civil penalties," even if such sales are in conformance with federal law. As the Commissioner of DEC, Defendant is responsible for overseeing the enforcement of § 11-0535-A.

Plaintiffs challenge the constitutionality of § 11-0535-A on two grounds. First, Plaintiffs assert that § 11-0535-A is preempted by federal law. Second, Plaintiffs assert that § 11-0535-A is an impermissible restriction on commercial speech in violation of the First Amendment to the United States Constitution. Plaintiffs seek, *inter alia*, a declaratory judgment that § 11-0535-A is void and a permanent injunction to prevent enforcement of § 11-0535-A.

## II.     STANDARD

"A district court properly dismisses an action under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction if the court lacks the statutory or constitutional power to adjudicate it, such as when . . . the plaintiff lacks constitutional standing to bring the action." *Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.A.R.L.*, 790 F.3d 411, 416–17 (2d Cir. 2015) (citations and quotation marks omitted); *accord Rotberg v. Jos. A. Bank Clothiers, Inc.*, No 16 Civ. 2962, 2018 WL 5787480, at *3 (S.D.N.Y. Nov. 5, 2018). "The plaintiff bears the burden of alleging facts that affirmatively and plausibly suggest that it has standing to sue," and the Court accepts as true "all material allegations of the complaint and construe[s] the complaint in favor of the complaining party." *Cortlandt Street*, 790 F.3d at 417 (citations, quotation marks and alterations omitted); *accord Rotberg*, 2018 WL 5787480, at *3.

"[T]he 'irreducible constitutional minimum' of standing consists of three elements." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). "The plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo,* 136 S. Ct. at 1547 (citing *Lujan*, 504 U.S. at 560–61). At the pleading stage, "the plaintiff must 'clearly . . . allege facts demonstrating' each element." *Spokeo*, 136 S. Ct. at 1547 (quoting *Warth v. Seldin*, 422 U.S. 490, 518 (1975)).

Organizations can have standing to sue in two ways. First, an organization may have standing to sue on behalf of its members (known as "associational" or "representational" standing). *See N.Y. Civil Liberties Union v. N.Y.C. Transit Auth.*, 684 F.3d 286, 294 (2d Cir. 2012); *accord Lower East Side People's Fed. Credit Union v. Trump*, 289 F. Supp. 3d 568, 576 (S.D.N.Y. 2018). An organization has associational standing "when its members would

otherwise have standing to sue in their own right, the interests at stake are germane to the organization's purpose, and neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit." *Nat. Res. Def. Council v. Nat'l Highway Traffic Safety Admin.*, 894 F.3d 95, 104 (2d Cir. 2018) (quoting *Friends of the Earth, Inc. v. Laidlaw Envtl. Serv. (TOC), Inc.*, 528 U.S. 167, 181 (2000)).

Second, an organization may have standing to sue on its own behalf, "to seek judicial relief from injury to itself and to vindicate whatever rights and immunities the association itself may enjoy" (known as "organizational" standing). *N.Y. Civil Liberties Union*, 684 F.3d at 294 (quoting *Warth v. Seldin*, 422 U.S. 490, 511 (1975)). To establish organizational standing, an organization must show "(i) an imminent 'injury in fact' to itself as an organization (rather than to its members) that is 'distinct and palpable'; (ii) that its injury is 'fairly traceable' to enforcement of the [challenged law]; and (iii) that a favorable decision would redress its injuries." *Centro de la Comunidad Hispana de Locust Valley v. Town of Oyster Bay*, 868 F.3d 104, 109 (2d Cir. 2017) (quoting *Nnebe v. Daus*, 644 F.3d 147, 156 (2d Cir. 2011)). "Only a perceptible impairment of an organization's activities is necessary for there to be an injury in fact." *Centro de la Comunidad Hispana*, 868 F.3d at 110 (quoting *Nnebe*, 644 F.3d at 157 (quotation marks omitted)).

### III. DISCUSSION

As a threshold matter, standing is a jurisdictional predicate that cannot be waived. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006); *accord Leopard Marine & Trading, Ltd. v. Easy Street Ltd.*, 896 F.3d 174, 188 (2d Cir. 2018). Contrary to Plaintiffs' arguments, the fact that Defendants did not raise the issue of Plaintiffs' standing in their pre-motion letter or during the pre-motion conference does not mean they cannot raise the issue on a motion to dismiss.

4

### A. Associational Standing

Plaintiffs lack associational standing because they have not sufficiently alleged that their members "would otherwise have standing to sue in their own right." *See National Resources Defense Council*, 894 F.3d at 104. A plaintiff asserting associational standing must "make specific allegations establishing that at least one identified member had suffered or would suffer harm." *Summers v. Earth Island Institute*, 555 U.S. 488, 498 (2009); *accord New York v. United States Dep't of Commerce*, Nos. 18 Civ. 2921, 18 Civ. 5025, 2019 WL 190285, at *74 (S.D.N.Y. Jan. 15, 2019). An organizational plaintiff's "self-description of the activities of its members" and its assertion that there is a "probability that some of those members are threatened with concrete injury" will not suffice. *Summers*, 555 U.S. at 497; *accord New York*, 2019 WL 190285, at *74.

The Amended Complaint does not allege that an identified member of the Dealers League or the Dealers Association has suffered or will suffer harm as a consequence of § 11-0535-A. Although the Amended Complaint states that Plaintiffs' members risk imprisonment and civil penalties if they sell ivory articles in violation of § 11-0535-A, this generalized, non-concrete allegation is insufficient to confer associational standing.

Plaintiffs' reliance on *Fouke Co. v. Mandel*, 386 F. Supp. 1341 (D. Md. 1974), is misplaced. *Fouke* held that a trade association had standing to challenge a state statute based on the concrete injuries suffered by the association's identified members. *See id.* at 1353. In this case, the Amended Complaint fails to identify a member of the Dealers League or Dealers Association that has suffered or will suffer harm as a consequence of § 11-0535-A. Accordingly, the Amended Complaint does not establish Plaintiffs' associational standing. *See Summers*, 555 U.S. at 498.

### B. Organizational Standing

Plaintiffs lack organizational standing because the Amended Complaint does not sufficiently allege that Plaintiffs have suffered "an imminent injury in fact to [themselves] as . . . organization[s]." *Centro de la Comunidad Hispana*, 868 F.3d at 109 (citations and quotation marks omitted). The Amended Complaint alleges that Plaintiffs are non-profit trade organizations representing art and antique dealers. Although the Amended Complaint alleges that § 11-0535-A causes injury to Plaintiffs' *members*, it does not allege facts establishing that the organizations *themselves* would be harmed. For example, the Amended Complaint does not allege that the Dealers League or Dealers Association seeks to purchase, sell or otherwise trade in antique or *de minimis* ivory in intrastate commerce. Nor does it allege that Plaintiffs are injured by a diversion of resources to counteract § 11-0535-A. *See Havens Realty Corp. v. Coleman*, 455 U.S. at 378–79 (1982); *Knife Rights, Inc. v. Vance*, 802 F.3d 377, 388 (2d Cir. 2015). In short, Plaintiffs have not demonstrated the "perceptible impairment of [their] activities" necessary to confer organizational standing. *See Centro de la Comunidad Hispana*, 868 F.3d at 110 (quotation marks omitted).

### C. Relevance of First Amendment Claim

There is no warrant for Plaintiffs' contention that "First Amendment challenges to criminal statutes . . . are justiciable so long as the 'fear of criminal prosecution under [the] allegedly unconstitutional statute is not imaginary or wholly speculative.'" An organization challenging a criminal statute on First Amendment grounds must establish organizational or associational standing under the standards outlined above. *See, e.g.*, *Centro de la Comunidad Hispana*, 868 F.3d 104, 109–11 (First Amendment challenge to anti-solicitation law); *Int'l Action Ctr. v. City of New York*, 522 F. Supp. 2d 679, 693–94 (S.D.N.Y. 2007) (First

6

Amendment challenge to law criminalizing participation in unauthorized parades); *Nitke v. Ashcroft*, 253 F. Supp. 2d 587, 597–99 (S.D.N.Y. 2003) (First Amendment challenge to obscenity law).

Neither of the cases cited by Plaintiffs supports the assertion that the facts alleged in the Amended Complaint are sufficient to establish standing. In *Steffel v. Thompson*, 415 U.S. 452 (1974), the Supreme Court held that the petitioner did not have to expose himself to actual arrest or prosecution in order to challenge a state trespass law. *See id.* at 459. But the petitioner in *Steffel* was an *individual* who was not subject to the organizational and associational standing doctrines applicable in this case. *See id.* at 459. In *Babbitt v. United Farm Workers Nat. Union*, 442 U.S. 289 (1979), the Supreme Court held that an organization's challenge to a provision imposing criminal penalties for violations of a state farm labor statute was justiciable. *See id.* at 303. But in that case, the organization *itself* was engaged in activity that could have fallen within the statute's prohibitions. *See id.* at 301.

The Amended Complaint, construed in the light most favorable to Plaintiffs, fails to allege facts sufficient to establish Plaintiffs' standing. Accordingly, the Amended Complaint is dismissed pursuant to Rule 12(b)(1).

## IV.     CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss for lack of subject matter jurisdiction is GRANTED. Plaintiffs' motion for summary judgment and Intervenors' motion to dismiss are DENIED as moot. *See Carter v. HealthPort Techs.*, 822 F.3d 47, 54–55 (2d Cir. 2016) (stating that when a complaint is dismissed for lack of standing, the court lacks power to adjudicate the merits of the case).

Should Plaintiffs wish to replead, they shall file within 21 days of the date of this Opinion and Order: (a) a blackline version of Plaintiffs' proposed complaint, showing changes from the current Complaint and (b) a letter, not to exceed five pages, explaining how the legal deficiencies identified in this Opinion and Order have been cured, and describing any other changes and what they are intended to accomplish. No pre-motion conference is necessary.

The Clerk of Court is respectfully directed to close the motions at Docket Nos. 23, 35 and 40.

Dated: February 1, 2019
      New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**