# MCLAUGHLIN & STERN, LLP
**FOUNDED 1898**

| | | |
|---|---|---|
| **ALAN E. SASH**<br>Partner<br>asash@mclaughlinstern.com<br>(212) 448-1100 | 260 MADISON AVENUE<br>NEW YORK, NEW YORK 10016<br>(212) 448–1100<br>FAX  (212) 448–0066<br>www.mclaughlinstern.com | MILLBROOK, NEW YORK<br>GREAT NECK, NEW YORK<br>WEST PALM BEACH, FLORIDA<br>NAPLES, FLORIDA |

April 2, 2020

*Via ECF*
Hon. Lorna G. Schofield, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

         Re: *The Art and Antique Dealers League of America, Inc., et ano. vs. Seggos*
             Request for Pre-Motion Conference
             Docket Number: 18 cv 02504 (LGS)

Dear Judge Schofield:

      I represent the plaintiffs in the above-referenced action and submit this letter for a pre-motion conference. Plaintiffs intend to seek summary judgment as set forth more fully below. Defendants also intend to move for summary judgment. We have a pre-scheduled conference with the court on April 23, 2020 at 10:00 am.

**<u>Nature of the Proposed Motion</u>**

      Plaintiffs' remaining claim in this action seeks a declaratory judgment and a permanent injunction with respect to certain licensing requirements promulgated under New York State Environmental Conservation Law § 11-0535-A (collectively the "State Ivory Law").

      By way of background, there are two types of antique ivory at issue here; ivory permissible for sale only in interstate/international commerce under federal law, and ivory permissible for sale only under state law. The requirements to sell ivory under federal law are less stringent than those under state law.

      New York State requires a license from the DEC to sell all forms of ivory within the state. The terms of the license prohibit the physical display of ivory that does not comport with the State Ivory Law (the "Display Restriction"). There are criminal and civil penalties for violating the Display Restriction.

**McLaughlin & Stern, LLP**

      Plaintiffs intend to argue that the Display Restriction unlawfully restricts commercial speech under the First Amendment because it prohibits more speech than necessary to achieve the state's purpose.  Plaintiffs will also argue that the Display Restriction chills commercial speech to buy or sell a commodity that the state disfavors and that the state has failed to meet its burden to justify the Display Restriction.

      Accordingly, plaintiffs respectfully request that the April 23, 2020 conference with the court be used for, *inter alia,* a pre-motion conference.

      Respectfully submitted,

*Alan E. Sash*

Alan E. Sash

cc:  Counsel for all Defendants (via ECF)