UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------X
The Art and Antique Dealers
League of America, Inc. and
The National Art and Antique
Dealers Association of America, Inc.

       Plaintiffs,                        Docket No: 18 Civ. 02504 (LGS)

v.

Basil Seggos, in his official
capacity, as the Commissioner of
the New York State Department of
Environmental Conservation,

       Defendant,

and

The Humane Society of the United States,
Center for Biological Diversity, Natural
Resources Defense Council, Inc., and Wildlife
Conservation Society

       Intervenors.
----------------------------------------------------------X

**DEFENDANT-INTERVENORS' MEOMRANDUM IN OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

REBECCA A. CARY (admitted *pro hac vice*)    NANCY S. MARKS
The Humane Society of the United States       Natural Resources Defense Council
1255 23rd St. NW                                      40 W. 20th ST.
Washington, DC 20037                       New York, NY 10011
Phone: (202) 676-2330                       Phone: (212) 727-4414
rcary@humanesociety.org                 NMARKS@NRDC.ORG

*Attorney for Intervenor-Defendants*
The Humane Society of the United States, Center
for Biological Diversity, Natural Resources Defense
Council, Inc. and Wildlife Conservation Society

Intervenor-Defendants oppose the relief requested by Plaintiffs in their Motion for Summary Judgment. Dkt. No. 88-5. Because this court has already resolved the preemption claim in this case in favor of Defendant and Intervenor-Defendants, the only remaining issue pertains to Plaintiffs' First Amendment claim. Specifically, Plaintiffs challenge the New York Department of Environmental Conservation's ("DEC") restriction on displaying certain ivory items in the limited and specific circumstance of when *the items are being offered for sale*, at a *retail or wholesale store or at an auction* in New York, pursuant to the licensing provisions for N.Y. Envtl. Conserv. Law § 11-0535-A ("Ivory Law"). Intervenor-Defendants join in DEC's opposition to Plaintiffs' motion for summary judgment. DEC Memorandum of Law in Support of Defendant's Cross-Motion for Summary Judgment and In Opposition to Plaintiff's Motion for Summary Judgement ("DEC Cross Motion") (Dkt. No. 92).

As Plaintiffs themselves acknowledge, DEC need not adopt the least restrictive means of advancing its interests in deterring illegal ivory and rhino horn trade and sales. Dkt. No. 88-5 at 13. Rather, there need only be a "reasonable" fit between the display restriction and DEC's interest in regulating the sale of ivory and conserving wildlife. *Clear Channel Outdoor, Inc. v. City of New York*, 594 F. 3d 94, 106 (2d Cir. 2010). The further factual development in this case has only bolstered the reasonable fit between the restriction and the public interests in elephant and rhinoceros' conservation it protects. DEC Cross Motion at 10-14.

As detailed in the DEC Cross Motion, Plaintiffs have not met their burden of showing that the fit between the state's goals and the display restriction is unreasonable. Rather, the physical display of ivory and horn in a place where it is not legal to sell it fosters the

1

very illegal sales the Ivory Law is meant to prevent. DEC Cross Motion at 10. Because the display restriction helps to ensure compliance with the Ivory Law, there is a reasonable fit between the display restriction and the state's goals. *Id.* Furthermore, as DEC highlights, Plaintiffs have failed to present evidence that there is a viable less restrictive alternative to advancing the Ivory Law's goals. *Id.* at 12-14. Because the display restriction is, in fact, an essential means of curtailing illegal sales activity, Intervenors join DEC's opposition to Plaintiffs' motion for summary judgment in all respects and urge this Court to deny Plaintiffs' Motion for Summary Judgment. *Boelter v. Hearst Commc'ns, Inc.*, 192 F. Supp. 3d 427, 450-51 (S.D.N.Y. 2016) (upholding a statute as sufficiently tailored to advance the state interests and noting that as long as a restriction is tailored to the state's goals, "[w]ithin those bounds we leave it to the governmental decisionmakers to judge what manner of regulation may best be employed").

Respectfully submitted this 26th day of June, 2020,

/s/ Rebecca A. Cary

Rebecca A. Cary (admitted *pro hac vice*)
The Humane Society of the United States
1255 23rd St. NW
Washington, DC 20037
Phone: (202) 676-2330
rcary@humanesociety.org

/s/ Nancy S. Marks

Nancy S. Marks (NM3348)
Natural Resources Defense Council, Inc.
40 W. 20th St.
New York, NY 10011
Phone: (212) 727-4414
NMARKS@NRDC.ORG